**UNITES STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____ X

| | | |
|---|---|---|
| **Rosario Wade (f/k/a Rosario Baldeon)** | **Plaintiff** | **Docket #: 07-2838** |
| **-against-** | | |
| **Sharinn & Lipshie, P.C. and Cohen & Slamowitz, LLP** | **Defendant** | **AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| | | **TRIAL BY JURY DEMANDED** |

_____

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendants respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. Plaintiff is suing the Defendants because Cohen & Slamowitz, LLP obtained a default judgment against Plaintiff relating to a debt that Plaintiff had settled in a previous lawsuit. Cohen & Slamowitz obtained the default judgment via "sewer service." Cohen & Slamowitz used the default judgment to restrain the Plaintiff's bank accounts. Cohen & Slamowitz refused to immediately remove the restrained bank account. Cohen & Slamowitz refused to vacate the illegally obtained default judgment.

2. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; New Your General Business Law; and common law.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337 and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367.   Declaratory relief is available under New York law. Injunctive relief is available under New York law. Venue in this District is proper in that the Defendants transact business here, Defendants reside here, and the conduct that is the subject of this complaint occurred here.

## III. PARTIES

4. Plaintiff, ROSARIO WADE, is a natural person residing in New York County, in the State of New York.

5. Defendant SHARRIN & LIPSHIE, P.C. (Sharrin & Lispshie) is a law firm engaged in collecting debts in this state with its principal place of business located in Nassau County, New York.

6. Defendant COHEN & SLAMOWITZ, LLP (Cohen & Slamowitz) is a New York Limited Liability Partnership engaged in collecting debts in this state with its principal place of business located at 199 Crossways Park Drive Woodbury, New York.

7. The principal purpose of both Defendants is the collection of debts using the mails and telephone, and Defendants regularly attempts to collect debts alleged to be due another.

8. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

9.  The alleged debt of Plaintiff was incurred for personal, family, or household services.

## IV.  FACTUAL ALLEGATIONS

10. Plaintiff repeats paragraphs "1" through "9" as if fully restated herein.

11. In or around November or December 2005, Plaintiff entered a "raffle." The Plaintiff was then notified that she "won" the raffle, and was to report to a certain location to receive the prize.  Plaintiff was informed that the prize was a $300.00 credit towards an electrolysis procedure which cost significantly more than $300.00. Plaintiff was then induced into signing documents obligating her to "finance" the entire electrolysis procedure. The "financing" was apparently a credit card administered by GE Money Bank. Plaintiff immediately cancelled the electrolysis procedure due to her impending pregnancy. Plaintiff was not refunded the money charged onto this GE Money Bank credit card. Plaintiff never saw any benefit from the money charged onto this GE Money Bank credit card. Plaintiff does not have any other defaulted debts.

12. In or around April 2006 the Defendant Sharrin & Lipshie started to attempt to collect the GE Money Bank credit card from Plaintiff. ("the debt," or "the alleged debt")

13. In or around June 2006, Defendant Sharrin & Lisphie sued the Plaintiff for the debt in the Civil Court of New York County. ("the first lawsuit") (See Exhibit A)

14. On or about July 31, 2006, Plaintiff settled the first lawsuit and entered a Stipulation of Settlement. (Exhibit B)

15. The stipulation of settlement settled the alleged debt.

16. Plaintiff timely paid all monies called for under the Stipulation of Settlement.

17. On information and belief, subsequent to July 31, 2006, the Defendant Sharrin & Lipshie falsely reported to GE Money Bank that Plaintiff still owed the alleged debt.

18. No attorney at Sharrin & Lipshie was meaningfully involved in the collection of the alleged debt.

19. Subsequent to July 31, 2006 GE Money Bank continued to try to collect the alleged debt from the Plaintiff.

20. GE Money Bank then retained Cohen & Slamowitz to collect the debt from Plaintiff.

21. Plaintiff notified Cohen & Slamowitz that this debt had been paid already.

22. Cohen & Slamowitz filed a second lawsuit against the Plaintiff to try to collect the alleged debt. ("the second lawsuit") (See Exhibit C)

23. Cohen & Slamowitz did not serve the Plaintiff with the Summons and Complaint in the second lawsuit.

24. Cohen & Slamowitz obtained a default judgment against the Plaintiff in the second lawsuit.

25. Cohen & Slamowitz used the default judgment in the second lawsuit to restrain the Plaintiff's bank account. (See Exhibit D)

26. Cohen & Slamowitz retrained the Plaintiff's bank account for four days before releasing such.

27. Cohen & Slamowitz used the default judgment to issue an Income Execution of the Plaintiff's paycheck. (See Exhibit E)

28. Cohen & Slamowitz sent an income execution to the Marshall of the City of New York.

29. As of November 2, 2007, Cohen & Slamowitz had not vacated the judgment in the second lawsuit.

30. On or about May 30, 2007 Attorneys David Cohen and Mitchell Slamowitz of Cohen & Slamowitz executed a document indicating that the Plaintiff's funds at Commerce Bank "appear" to be "non-exempt" property. (See Exhibit D)

31. No attorney at Cohen & Slamowitz conducted any investigation into the status of the funds in the Plaintiff's Commerce Bank Account.

32. No attorney at Cohen & Slamowitz had any basis to describe the appearance of the funds in Plaintiff's bank accounts.

33. No attorney at Cohen & Slamowitz conducted any investigation into the status of the alleged debt.

34. It is a pattern and practice of Defendant Cohen and Slamowitz to obtain default judgments against consumers through "sewer service."

35. Cohen & Slamowitz has obtained default judgments against consumers in the past based upon affidavits of service that contained false statements.

36. On information and belief Defendant Cohen & Slamowitz, on behalf of their clients, has obtained more than 1000 default judgments against consumers in the last year.

37. No attorney at Cohen & Slamowitz was meaningfully involved in the second lawsuit.

38. Plaintiff has provided numerous notifications to Cohen & Slamowitz that the first lawsuit was settled and that the alleged debt had been paid.

39. Cohen & Slamowitz used and continues to use the default judgment as leverage to have the Plaintiff pay the alleged debt.

40. It is the pattern and practice of Cohen & Slamowitz to use the leverage of default judgments to force consumers to pay alleged debts.

41. Cohen & Slamowitz filed false and deceptive documents with the Court in the second lawsuit.

42. Cohen & Slamowitz has ratified all of its actions complained of herein.

43. The Plaintiff has suffered and continues to suffer financial and emotional damage due to the actions of the Defendants described herein.

### V.  CAUSES OF ACTION UNDER THE FDCPA AGAINST SHARRIN & LIPSHIE

44. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

45. Defendant Sharrin & Lipshie has violated the FDCPA. Defendant's violations include but are not limited to the following:

   A. Defendants' violated 15 U.S.C Section 1692e;

   B. Defendants' violated 15 U.S.C Section 1692e (2);

   C. Defendants' violated 15 U.S.C Section 1692e (3);

   D. Defendants' violated 15 U.S.C. Section 1692e(8);

   E. Defendants' violated 15 U.S.C. Section 1692 e(10);

   F. Defendants' violated 15 U.S.C. Section 1692 f;

   G. Defendants' violated 15 U.S.C. Section 1692 f (1);

   H. Defendants' violated 15 U.S.C. Section 1692d; and

   I. Defendants' violated 15 U.S.C. Section 1692d(1)

### VI.  CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW AGAINST SHARRIN & LIPSHIE

46.  Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

47. Defendant's actions as detailed above violate the New York General

Business Law Section 349 et seq. in that the Defendant falsely represented to GE Money Bank that Plaintiff still owed the alleged debt.

48. On information and belief, Defendants regularly utilize deceptive practices as described herein in connection with the attempt to collect consumer debts. Defendant's actions have a broad impact on New York consumers at large.

49. Plaintiff suffered emotional distress and pecuniary loss due to the Defendant's actions and omissions, including but not limited to bank fees that were charged to Plaintiff relating to her restrained bank account.

## VII. NEGLIGENCE & GROSS NEGLIGENCE AGAINST SHARRIN & LIPSHIE

50. Plaintiffs repeat and re-allege and incorporate by reference to the foregoing paragraphs.

51. The actions and omissions of Defendant Sharrin & Lipshie constitute a misdemeanor under the New York General Business Law Sections 600 and 601. Plaintiff is in the class of people intended to be protected by New York General Business Law Sections 600 and 601.

52. Sharrin & Lipshie was aware that the Plaintiff had settled the alleged debt, as Sharrin & Lipshie undertook to negotiate and settle the debt with Plaintiff. Sharrin & Lipshie made promises and took actions indicating that the debt was resolved. Plaintiff relied upon the negotiations and representations made to her by Sharrin & Lipshie. It was foreseeable that Sharrin & Lipshie's failure to abide by their representations and actions could damage Plaintiff.

53. The relationship between Plaintiff and Sharrin & Lipshie created a special duty owed to Plaintiff by Sharrin & Lipshie.

54. The actions and omissions of Defendant' Sharrin & Lipshie described herein constitute negligence in that Defendants owed Plaintiff a duty and a special duty in the manner in which they handled the Plaintiff's account, said duties were breached, and said breach was the proximate cause of damages suffered by Plaintiff.

55. The actions and omissions of Defendant' Sharrin & Lipshie described herein constitute gross negligence in that Defendant owed Plaintiff a duty and a special duty in the manner in which they handled the Plaintiff's account, said duties were breached, said breaches were the proximate cause of damages suffered by Plaintiff, and Defendant's actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff.

## VIII. DEFAMATION

56. Plaintiffs repeat and re-allege and incorporate by reference to the foregoing paragraphs.

57. Sharrin & Lipshie maliciously published false and defamatory statements about Plaintiff in that, subsequent to July 31, 2007, Sharrin & Lipshie falsely informed GE Money Bank that Plaintiff still owed a debt to GE Money Bank.

58. The exact date that the Defendant published the false and defamatory statements about the Plaintiff is unknown at this point, but will be obtained through discovery.

59. The exact words of Defendant's defamatory statements are unknown at this point, but will be obtained though discovery.

60. Defendant's false statements indicated that the Plaintiff owed a debt that she had not paid.

61. Defendant's false statement inherently labels Plaintiff a bad credit risk.

62. Defendant's false statement is defamatory on its face, and constitutes libel per se.

63. Defendant's false statement is defamatory and constitutes libel.

64. Defendant's do not have just cause or excuse for such defamatory statement.

65. Defendants knew or should have known that their statement was false.

66. Defendant's false statement injured the Plaintiff's reputation, esteem and good will.  Along with other damages, Defendant's false statement caused the Plaintiff to have to pay bank fees after her bank account was restrained; and Plaintiff suffered emotional distress as described herein.  The Plaintiff has suffered these actual and special damages in an amount to be determined upon the trial of this action.

## IX.  CAUSES OF ACTION UNDER THE FDCPA AGAINST COHEN & SLAMOWITZ

67. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

68. Defendant Cohen & Slamowitz has violated the FDCPA. Defendant's violations include but are not limited to the following:

A. Defendants' violated 15 U.S.C Section 1692e;

B. Defendants' violated 15 U.S.C Section 1692e (2);

C. Defendants' violated 15 U.S.C Section 1692e (3);

D. Defendants' violated 15 U.S.C Section 1692e (4);

E. Defendants' violated 15 U.S.C Section 1692e (5);

F. Defendants' violated 15 U.S.C. Section 1692e(8);

  G. Defendants' violated 15 U.S.C. Section 1692 e(10);

  H. Defendants' violated 15 U.S.C. Section 1692 f;

  I. Defendants' violated 15 U.S.C. Section 1692 f (1);

  J. Defendants' violated 15 U.S.C. Section 1692d and

  K. Defendants' violated 15 U.S.C. Section 1692d (1)

## X.  CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW AGAINST COHEN & SLAMOWITZ

  69.  Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

  70. Defendant's actions as detailed above violate the New York General Business Law Section 349 et seq. in that the Defendant falsely represented to the Court in the second lawsuit that Plaintiff still owed the alleged debt.

  71. Defendant's actions as detailed above violate the New York General Business Law Section 349 et seq. in that the Defendant falsely represented to the Court that the Plaintiff had been properly served with the Summons and Complaint in the second lawsuit.

  72. On information and belief, Defendants regularly utilize deceptive practices as described herein in an attempt to collect consumer debts. Defendants' actions have a broad impact on New York consumers at large.

  73. Plaintiff suffered emotional distress and pecuniary loss due to the Defendant's actions and omissions, including but not limited to bank fees that were charged to Plaintiff after Cohen & Slamowitz restrained Plaintiff's bank accounts.

## XI. NEGLIGENCE & GROSS NEGLIGENCE AGAINST COHEN & SLAMOWITZ

74. Plaintiffs repeat and re-allege and incorporate by reference to the foregoing paragraphs.

75. The actions and omissions of Defendant Cohen & Slamowitz constitute a misdemeanor under the New York General Business Law Sections 600 and 601. Plaintiff is in the class of people intended to be protected by New York General Business Law Sections 600 and 601.

76. Cohen & Slamowitz was aware that the Plaintiff had settled the alleged debt. Cohen & Slamowitz represented, made promises, and took actions indicating to Plaintiff that Cohen & Slamowitz was aware that the debt had been settled in the first lawsuit, and that the situation would be corrected. The Plaintiff relied upon the representations of Cohen & Slamowitz. It was foreseeable that Cohen & Slamowitz's failure to abide by their representations and actions could damage Plaintiff.

77. The relationship between Plaintiff and Cohen & Slamowitz created a special duty owed to Plaintiff by Cohen & Slamowitz.

78. The actions and omissions of Defendant' COHEN & SLAMOWITZ described herein constitute negligence in that Defendants owed Plaintiff a duty and a special duty in the manner in which they handled the Plaintiff's account, said duties were breached, and said breaches were the proximate cause of damages suffered by Plaintiff.

79. The actions and omissions of Defendant' COHEN & SLAMOWITZ described herein constitute gross negligence in that Defendant owed Plaintiff a duty and a special duty in the manner in which they attempted to collect the alleged debt, said duties were

breached, said breaches were the proximate cause of damages suffered by Plaintiff, and Defendant's actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff.

## XII. DAMAGES

80. Because of the acts and omissions of Defendants as herein described, the Plaintiff has suffered, financial loss, loss of available credit, actual physical injury and pain and suffering, physical sickness, severe mental distress, mental suffering, and/or mental anguish, including fear, worry, concern, stress, frustration, nervousness, anxiety, sleeplessness, headaches, embarrassment and lack of concentration, amongst other negative emotions.  In addition, the Plaintiff has incurred and will continue to incur litigation expenses and litigation attorneys' fees which, but for the acts and omissions of Defendants alleged herein, would not have been necessary.  Further, Defendants' acts and omissions are willful, malicious, oppressive, and demonstrative of a reckless disregard for the Plaintiff's rights and well being, and as such, the Plaintiff is entitled to punitive damages from Defendants.

**WHEREFORE,** Plaintiffs respectfully requests that judgment be entered against Defendant, for the following:

1. A declaration that the Plaintiff has settled the alleged debt described herein;

2. Pursuant to New York General Business Law and common law, an injunction prohibiting the Defendant from attempting to collect the debt described herein;

3.  Actual damages;

4.  Nominal damages;

5. Special damages;

6. Punitive damages;

7. Statutory damages under the New York General Business law;

8. Statutory damages under the FDCPA;

9. Costs and reasonable attorney's fees under the FDCPA

10. Costs and reasonable attorney's fees under the New York General Business Law;

11. For such other and further relief as the Court may deem just and proper.

        Respectfully submitted,

        Joseph Mauro (8295)
        631 Montauk Hwy. Ste. 6
        West Islip, NY 11795
        631-669-0921
        631-669-5071 (fax)

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff demands trial by jury in this action.

        _____
        Attorney for Plaintiff