**The Law office of Joseph Mauro, LLC**         **(631) 669-0921**
**306 McCall Ave.**                             **(631) 669-5071 fax**
**west islip, NY   11795**

September 11, 2008

**Honorable Kathleen Tomlinson**
**Alphonse M. D'Amato Federal Courthouse**
**100 Federal Plaza**
**Central Islip, NY 11722**

**RE: Wade v. Sharinn & Lipshie, P.C. and Cohen & Slamowitz, LLP**
       **CV – 07-2838**

Honorable Judge Tomlinson,

   Please accept this letter on behalf of the Plaintiff as a motion to compel Defendant Cohen & Slamowitz, LLP to produce certain requested documents, and to respond to certain Interrogatories.  I have conferred with defense counsel (most recently on September 10, 2008), but have been unable to resolve these issues. I attached hereto: Plaintiff's propounded Document Requests (Exhibit A); Interrogatories (Exhibit B); Defendant's responses to the requests (Exhibit C); and a letter from Defendant noting objections, with my response thereto (Exhibit D).  Defendant's primary objection seems to be that they do not deem the requested documents "relevant" because such would not be admissible at trial. Cohen & Slamowitz's refusal to provide basic discovery requests (e.g. "account notes" and their insurance policy) and their reliance upon a "relevancy", objection indicates blatant obfuscation.

   General Background of Case
   In or around December 2005, Plaintiff was victimized in a bogus "raffle" scheme. The result of the fraud was that a GE Money Bank credit card was opened  in Plaintiff's name and approximately $2,000.00 was charged onto the card. (See Paragraph 11 of Amended Complaint, attached as Exhibit E).  Plaintiff never saw any benefit from the money charged onto this credit card. GE Money Bank assigned the debt to Defendant Sharrin & Lipshie who sued Plaintiff to collect such. Plaintiff settled that lawsuit and paid the alleged debt. Notwithstanding their knowledge of the settlement, Defendant Cohen & Slamowitz then sued the Plaintiff again for the same alleged debt. Cohen & Slamowitz obtained a default judgment against the Plaintiff (without serving her) and restrained her bank account.  In June 2007, after protestations, Cohen & Slamowitz released the restraint on Plaintiff's bank account, but refused to vacate the judgment.  This illegal judgment remained on Plaintiff credit report impeding her ability to obtain a mortgage.  Plaintiff then brought this action under the Fair Debt Collections Practices Act (15 USC 1692 et seq. hereinafter FDCPA). Notwithstanding this suit, Cohen & Slamowitz *still refused* to vacate the illegal judgment. Plaintiff was forced to retain an attorney to appear in New York City Civil Court to get the illegal default judgment vacated.

Disputed Document Requests:
   **#8   All documents concerning Plaintiff's alleged debts and your efforts to investigate and collect thereon, including internal collection records, audit records, and correspondence.**
   **#11   All collection records maintained by you as to Plaintiff's accounts, with a key to the abbreviations used thereon, such as codes for letters, personnel, activities.**

These requests go to the heart of the instant litigation. Defendant has refused to provide the basic "collection notes" which document Defendant's actions at issue. The Defendant's communications with the Plaintiff (and their contemporaneous notes of such) could not be more germane to the instant matter.  See *Yancey v. Hooten*, 180 F.R.D. 203, (D. Conn. 1998); *Boutvis v. Risk Mgmt.Alternative, Inc*. 2002 U.S. Dist. LEXIS 8521 (D. Conn 2002); *Kimbro v. I.C. Syst. Inc*. 2002 WL 1816820 (D. Conn. 2002). These "collection notes" are generally, the primary piece of documentation in FDCPA litigation. Defendant has not provided any privilege log so Plaintiff is not aware of what other responsive documents Defendant may possess.

**# 5   All manuals, procedures, and protocols used by you to comply with the Fair Debt Collection Practices Act.**
**#13     All documents concerning the maintenance of procedures by Defendants to ensure compliance with the Fair Debt Collection Practices Act or to avoid the violations alleged in Plaintiff's Complaint.**

Plaintiff seeks the information requested in #5 and #13 to determine the credence of Defendants claim that their actions were merely a mistake. Plaintiff is entitled to determine whether Defendant even followed *their own* procedures when they refused to vacate an obviously improper judgment. Additionally this information is directly relevant to an assessment of damages as contemplated by 15 USC 1692k(b)(1): "In determining the amount of liability…the Court shall considers, …the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional…"  See *Yancey, Boutvis, and Kimbro.*

**#4   All telephone records showing communications between you and Plaintiff.**

Again, the Defendants communications with the Plaintiff could not be more germane to the instant matter. Defendant is, presumably, contesting when the Plaintiff and Defendant communicated. This request is aimed at discovering such, and is limited in scope to the time period in which the Plaintiff and Defendant were communicating (less than a one year period).

**#2   All documents transmitted to you regarding Plaintiff's alleged debt alleged to have been originally owed to GE MONEY BANK.**

This request seeks to determine what information was in the Defendant's possession when they decided to file a second debt collection lawsuit against the Plaintiff.

**#7   All employment files or other records concerning individual employees of Cohen & Slamowitz who worked on Plaintiff's file.**

Plaintiff seeks this information to determine who to depose, and whether such person has any history of committing the violations alleged herein.

**#17  All correspondence between you and any party related to the Plaintiff.**

Plaintiff seeks this information to determine what knowledge and information Cohen & Slamowitz had about the first lawsuit and at what point they gained such knowledge. This is, an issue at the center of the instant litigation.

**#10     Any insurance agreement or policy under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered or to indemnify or reimburse for payments made to satisfy the judgment.**

This disclosure is required by FRCP 26a.

**#15   All complaints filed against you with any state's Attorney General, the Federal Trade Commission, the Better Business Bureau, or other regulating body alleging that you improperly restrained a consumer bank account (or improperly continued to restrain a consumer's bank account).**

This request is relevant to Defendant's knowledge of the inadequacy of their procedures, as well as to proving their grossly negligent approach towards restraining consumer's bank accounts.

Disputed Interrogatories

**#2 Identify all documents concerning PLAINTIFF alleged debts which were in your physical possession when you began to attempt to collect the alleged debt. In so doing, specify the date the document was received, the nature of the document, when and by whom the document was sent and received.**

Plaintiff seeks to determine what information the Defendant law firm relied upon in deciding to file a second lawsuit against the Plaintiff, an issue at the heart of this litigation.

**#3 Identify all lawsuits against you in which you were accused of improperly restraining a person's bank account (or improperly continuing to restrain a person's bank account).**

**#4 Identify all FDCPA (or other unfair debt collection) lawsuits in which you have been deposed or otherwise served as a witness, including testimony or affidavits. In doing so, please provide the caption, court, index or docket number, and result of the lawsuit.**

Plaintiff seeks the information requested in #3 and #4 to determine the credence of Defendants claim that their actions were merely a mistake. Additionally this information is directly relevant to an assessment of damages as contemplated by 15 USC 1692k(b)(1): "In determining the amount of liability…the Court shall considers, …the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional…"

**#5 Please state the true name, last known home address, of each of the individual who worked on Plaintiff's file for Defendant Cohen & Slamowitz.**
**#8 Please state the name of the attorney or attorneys (if any) at Cohen & Slamowitz who were meaningful involved in the decision to file a lawsuit against Rosario Wade in the New York Civil Court (New York County).**

Plaintiff seeks the information requested in #5 and #8 so as to determine who to depose. Defendant's answers to these Interrogatories make reference to their document disclosures, but said disclosures do not reveal the requested information.

**#6 Please state the net worth of Cohen & Slamowitz, LLP.**

Plaintiff seeks this information as it is necessary for an assessment of punitive damages. See *Bryant v. Allied Account Services,* U.S. Dist. LEXIS 5356, (EDNY 2006), *Sabatelli v. Allied Interstate*, 2006 U.S. Dist. LEXIS 65355 (EDNY 2006).

Sincerely,

Joseph Mauro

*CERTIFICATE OF SERVICE*

I, JOSEPH MAURO an attorney, hereby certify that I caused to be served on the following counsel(s) of record the attached ***Plaintiff's MOTION TO COMPEL and Exhibits thereto*** on September 11, 2008 via ECF

Mr. Brian F. Hogencamp, Esq.

Michael G. McAuliffe, Esq.

Dated: West Islip, New York
          September 11, 2008

_____
**Joseph Mauro**