The Law office of Joseph Mauro, LLC　　(631) 669-0921
306 McCall Ave.　　(631) 669-5071 fax
west islip, NY　11795

December 23, 2008

**Honorable Kathleen Tomlinson**
**Alphonse M. D'Amato Federal Courthouse**
**100 Federal Plaza**
**Central Islip, NY 11722**

**RE: Wade v. Sharinn & Lipshie, P.C. and Cohen & Slamowitz, LLP**
    **CV – 07-2838**

Honorable Judge Tomlinson,

Please accept this letter as a motion to compel the deposition of Defendant Cohen & Slamowitz, LLP on a date certain regarding their net worth.

On November 3, 2008 Plaintiff served Defendant Cohen & Slamowitz with a a Notice of Deposition pursuant to Rule 30b(6) of the Federal Rules of Civil Procedure. (Attached as Exhibit A). [1] Said notice specified that one of the categories of information that Plaintiff intended to inquire about was the net worth of Defendant. On November 12, 2008 Plaintiff began the 30b(6) deposition; the Defendant produced Leandre John, Esq. to testify on behalf of Cohen & Slamowitz, LLP. After discussions on and off the record, it became apparent that Mr. John was not capable of answering questions about the net worth of Cohen & Slamowitz. (See Exhibit B)  I adjourned the deposition so that Defendant could produce a witness competent to testify on the subject of net worth.

Following the deposition, counsel for Cohen & Slamowitz, Michael McCauliffe and I had discussions about a convenient date to continue the deposition with a competent witness. We agreed that the deposition would be continued on December 22, 2008 at 2:00pm. I served a Notice regarding such deposition, specifying the subjects to be addressed, i.e assets, liabilities, etc. (Exhibit C)  In addition, Mr. McCauliffe and I had discussions regarding the Defendant producing a "net worth affidavit" of Cohen & Slamowitz in lieu of a deposition. I informed Mr. McCaulliffe that in compliance with *Sabatelli v. Allied Interstate*, 2006 U.S. Dist. LEXIS 65355 (EDNY 2006), and *Bryant v. Allied Account Services,* U.S. Dist. LEXIS 5356, (EDNY 2006), the Defendant could produce a substanative net worth affidavit. Mr. McCauliff and I agreed that in the event that Cohen & Slamowitz decided to submit such an affidavit, the document would be forwarded to me by Wednesday December 17, 2008 so that I could review such and determine whether a deposition was still necessary. This document was not produced.

---

[1] This deposition had been noticed for previous dates, but the Defendant consistently requested adjournments. Finally, Defendant Cohen & Slamowitz agreed to appear on November 12, 2008. I then re-served served the 30b(6) notice with the agreed upon date.

On December 22, 2008, I appeared at Mr. McCauliffe's office for the deposition of the "net worth witness" as noticed.[2] At 1:40pm on December 22, 2008, (20 minutes before the scheduled deposition) Mr. McCauliffe informed me that he had just received an email from his client with what purported to be a "Net Worth Affidavit." (Exhibit D) [3] The document, signed December 22, 2008, does not include *any* financial information whatsoever; the document merely states summarily that Cohen & Slamowitz has a net worth of "zero." I was then informed by Mr. McCauliffe that nobody from Cohen & Slamowitz would be appearing for their deposition. I never agreed to adjourn this deposition; I was never even requested to adjourn such. Mr. McCauliffe and I had in fact agreed to this date and time. Nor did the Defendant ever make a motion for a protective order regarding such deposition.

The "affidavit" supplied by Cohen & Slamowitz is clearly insufficient for the Plaintiff (and eventually the trier of fact) to assess the net worth of the Defendant. The document is clearly not what is contemplated by Courts addressing this issue. For instance, in *Hamm v. Potamkin*, 1999 U.S. Dist. Lexis 5948 (S.D.N.Y. 1999), the Court stated:

> Notwithstanding their assertion that tax returns provide the "most reliable source" of relevant financial information, plaintiffs concede as much in their correspondence and in their proposed confidentiality order -- in which they indicate that they would accept, as a substitute for tax [*8] returns, sworn net worth statements indicating defendants' general net worth and income, assets, and liabilities for the past three years. Plaintiffs' hedged position is presumably premised on a reading of the Honorable Charles S. Haight's thoughtful decision in *Hazeldine*, which found that the plaintiff in that case was only entitled to pre-trial financial affidavits listing defendants' assets, liabilities, and general net worth. 1997 WL 362229, at *4. At this stage in the litigation, where no discovery has yet been obtained and there is no indication that this generalized information would be insufficient, plaintiffs must be content with such affidavits. Each defendant is therefore directed to produce a financial affidavit containing a statement of its total net worth and listing its income, assets, and liabilities for the past three years. Plaintiffs remain free, of course, to request further financial information or to renew their demands for defendants' tax returns at a later date should the information provided by defendants be deemed unreliable or insufficient. *See Hazeldine*, 1997 WL 362229, at *4; <u>*Open Housing Ctr.*, 1993 U.S. Dist. LEXIS 15927</u>, at **11-13, 17-18.

The "affidavit" proffered by Defendant herein, contains no information *whatsoever* for the Plaintiff to assess. The affidavit is merely an unsupported two sentence statement made by a partner of the firm. As the Court in *Sabatelli* and *Bryant* recognized (and indeed the Defendant here recognizes), the Plaintiff is entitled to present evidence to the trier of fact regarding the Defendant's net worth for the purposes of a punitive damage assessment. [See, *Miele v. Sid Bailey, Inc*., 192 B.R. 611 1995 U.S. Dist. LEXIS 20777 (S.D.N.Y 1995);

---

[2] Mr. McCauliffe had taken the deposition of the Plaintiff and Plaintiff's husband in the morning of December 22, 2008.

[3] Notwithstanding the fact that the "Affidavit" contains no financial information, I have redacted this Exhibit from the ECF filing. I have mailed a copy to Your Honor's chambers for review.

| | |
|---|---|
| The Law office of Joseph Mauro, LLC<br>306 McCall Ave.<br>west islip, NY   11795 | **(631) 669-0921**<br>**(631) 669-5071 fax** |

December 23, 2008

*Schwartz v. FCC National Bank, Midlantic Process, Inc. and Cohen & Slamowitz,* 2000 U.S. Dist. LEXIS 21564 E.D.N.Y.] The Defendant's unsupported and undocumented statement that they have no net worth clearly does not meet their obligation. Nor did this document somehow release the Defendant from their obligation to appear for a properly noticed deposition. Indeed, your Honor's preliminary conference order reiterates the Federal Rule obligating a properly-noticed party to appear for deposition. (Paragraph II (c) of Court Order dated April 28, 2008).

   The Plaintiff has now attempted at two depositions to obtain this necessary net worth information. At the first deposition the Defendant produced an incompetent witness. At the second deposition, the Defendant just did not come. [4] The Defendant's flippant approach towards addressing this discovery issue requires the intervention the Court. Producing a two sentence conclusory statement 20 minutes before a scheduled deposition clearly indicates Defendant does not intend on cooperating further with this issue. Mr. McCauliffe has in fact indicated to me that the Defendant feels that the "affidavit" they have produced meets Defendant's obligation, and that if I need more information in the future that I can request such at that point. Discovery closes on January 7, 2009; we set the deposition on December 22, 2008 (yesterday) so as to assure that this information was obtained prior to the close of discovery. Suggesting that I should just accept this document for now, and somehow "reserve my rights" to request more documents later is transparent gamesmanship.

   The Plaintiff respectfully requests that the Court order the Defendant Cohen & Slamowitz to produce a competent witness on a date certain to testify to their net worth. The Plaintiff will be severely prejudiced at trial if not permitted to conduct this discovery. Further, the Plaintiff requests that the deposition occur at the Courthouse, or at a time where the Court is available via telephone to address any further obfuscations.

Sincerely,

Joseph Mauro

CC: Michael McCauliffe, Esq.
  Attorney for Cohen & Slamowitz, LLP
  VIA ECF

---

[4] The Court should also be aware that the witness produced by the Defendant for the first deposition was also incompetent to testify as to several other categories outlined in the Defendant's 30b(6) notice. (See Exhibit E)